# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES LYNN O'HINES,<br><br>                      Petitioner,<br>v.<br>JAN BREWER, et al.,<br><br>                      Respondents. | Civil No.    09-2626 WQH (AJB)<br><br>**ORDER DISMISSING CASE<br>WITHOUT PREJUDICE** |

      Petitioner, a state prisoner proceeding pro se, has filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254.

## **FAILURE TO SATISFY FILING FEE REQUIREMENT**

      Petitioner has failed to pay the $5.00 filing fee and has failed to move to proceed in forma pauperis. This Court cannot proceed until Petitioner has either paid the $5.00 filing fee or qualified to proceed in forma pauperis. *See* Rule 3(a), 28 U.S.C. foll. § 2254.

## **VENUE**

      A petition for writ of habeas corpus may be filed in the United States District Court of either the judicial district in which the petitioner is presently confined or the judicial district in which he was convicted and sentenced. *See* 28 U.S.C. § 2241(d); *Braden v. 30th Judicial Circuit Court*, 410 U.S. 484, 497 (1973). Petitioner is presently confined at Arizona State Prison at Florence. Petitioner states on page one of the petition that the state court conviction he is challenging occurred in San Luis Obispo County Superior Court. (*See* Pet. at 1.) However, in

the body of his petition, he appears to be challenging a state court conviction which took place in San Diego County. (*See* Pet. at 2-21.) Thus, it is unclear from the petition whether this Court is the proper venue for the challenges Petitioner seeks to bring. If Petitioner files a First Amended Petition, he is directed to clarify which state court conviction he seeks to challenge and where such conviction took place.

## **FAILURE TO NAME PROPER RESPONDENT**

In addition, review of the Petition reveals that Petitioner has failed to name a proper respondent. On federal habeas, a state prisoner must name the state officer having custody of him as the respondent. *Ortiz-Sandoval v. Gomez*, 81 F.3d 891, 894 (9th Cir. 1996) (citing Rule 2(a), 28 U.S.C. foll. § 2254). Federal courts lack personal jurisdiction when a habeas petition fails to name a proper respondent. *See id.*

The warden is the typical respondent. However, "the rules following section 2254 do not specify the warden." *Id.* "[T]he 'state officer having custody' may be 'either the warden of the institution in which the petitioner is incarcerated . . . or the chief officer in charge of state penal institutions.'" *Id.* (quoting Rule 2(a), 28 U.S.C. foll. § 2254 advisory committee's note). If "a petitioner is in custody due to the state action he is challenging, '[t]he named respondent shall be the state officer who has official custody of the petitioner (for example, the warden of the prison).'" *Id.* (quoting Rule 2, 28 U.S.C. foll. § 2254 advisory committee's note).

A long standing rule in the Ninth Circuit holds "that a petitioner may not seek [a writ of] habeas corpus against the State under . . . [whose] authority . . . the petitioner is in custody. The actual person who is [the] custodian [of the petitioner] must be the respondent." *Ashley v. Washington*, 394 F.2d 125, 126 (9th Cir. 1968). This requirement exists because a writ of habeas corpus acts upon the custodian of the state prisoner, the person who will produce "the body" if directed to do so by the Court. "Both the warden of a California prison and the Director of Corrections for California have the power to produce the prisoner." *Ortiz-Sandoval*, 81 F.3d at 895.

Here, Petitioner has incorrectly named "Gov. Jan Brewer, Suzanne O'Brien" as Respondents. In order for this Court to entertain the Petition filed in this action, Petitioner must

1  name the warden in charge of the state correctional facility in which Petitioner is presently
2  confined or the Director of the California Department of Corrections. *Brittingham v. United*
3  *States*, 982 F.2d 378, 379 (9th Cir. 1992) (per curiam).

### CONCLUSION

For the foregoing reasons, the Court **DISMISSES** the Petition without prejudice and with leave to amend. To have this case reopened, Petitioner must, **no later than January 21, 2010**: (1) pay the $5.00 filing fee **OR** submit adequate proof of his inability to pay the fee, **AND** (2) File a First Amended Petition which cures the pleading deficiencies outlined in this Order. **THE CLERK OF COURT IS DIRECTED TO MAIL PETITIONER A BLANK MOTION TO PROCEED IN FORMA PAUPERIS AND A BLANK FIRST AMENDED PETITION FORM TOGETHER WITH A COPY OF THIS ORDER.**

**IT IS SO ORDERED.**

DATED: December 1, 2009

_____
**WILLIAM Q. HAYES**
United States District Judge