# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES LYNN O'HINES,<br><br>                         Petitioner,<br><br>      v.<br><br>JAN BREWER, Arizona Governor, et al,<br><br>                         Respondent. | Civil No.   09-2626 WQH (AJB)<br><br>**ORDER:**<br><br>**(1) GRANTING APPLICATION TO PROCEED IN FORMA PAUPERIS and**<br><br>**(2) DISMISSING CASE WITHOUT PREJUDICE** |

Petitioner, a state prisoner proceeding pro se, has submitted a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254.

### APPLICATION TO PROCEED IN FORMA PAUPERIS

Petitioner has filed a request to proceed in forma pauperis. Petitioner has $0.00 on account at the California correctional institution in which he is presently confined. Petitioner cannot afford the $5.00 filing fee. Thus, the Court **GRANTS** Petitioner's application to proceed in forma pauperis, and allows Petitioner to prosecute the above-referenced action as a poor person without being required to prepay fees or costs and without being required to post security. The Clerk of the Court shall file the Petition for Writ of Habeas Corpus without prepayment of the filing fee.

//

//

**FAILURE TO NAME PROPER RESPONDENT**

Review of the Petition reveals that Petitioner has failed to name a proper respondent. On federal habeas, a state prisoner must name the state officer having custody of him as the respondent. Ortiz-Sandoval v. Gomez, 81 F.3d 891, 894 (9th Cir. 1996) (citing Rule 2(a), 28 U.S.C. foll. § 2254). Federal courts lack personal jurisdiction when a habeas petition fails to name a proper respondent. See id.

The warden is the typical respondent. However, "the rules following section 2254 do not specify the warden." Id. "[T]he 'state officer having custody' may be 'either the warden of the institution in which the petitioner is incarcerated . . . or the chief officer in charge of state penal institutions.'" Id. (quoting Rule 2(a), 28 U.S.C. foll. § 2254 advisory committee's note). If "a petitioner is in custody due to the state action he is challenging, '[t]he named respondent shall be the state officer who has official custody of the petitioner (for example, the warden of the prison).'" Id. (quoting Rule 2, 28 U.S.C. foll. § 2254 advisory committee's note).

A long standing rule in the Ninth Circuit holds "that a petitioner may not seek [a writ of] habeas corpus against the State under . . . [whose] authority . . . the petitioner is in custody. The actual person who is [the] custodian [of the petitioner] must be the respondent." Ashley v. Washington, 394 F.2d 125, 126 (9th Cir. 1968). This requirement exists because a writ of habeas corpus acts upon the custodian of the state prisoner, the person who will produce "the body" if directed to do so by the Court. "Both the warden of a California prison and the Director of Corrections for California have the power to produce the prisoner." Ortiz-Sandoval, 81 F.3d at 895.

Here, Petitioner has incorrectly named "Arizona Governor, California Governor," as Respondent. Additionally, Edmund Brown, the Attorney General of the State of California, is not a proper respondent in this action. Rule 2 of the Rules following § 2254 provides that the state officer having custody of the petitioner shall be named as respondent. Rule 2(a), 28 U.S.C. foll. § 2254. However, "if the applicant is not presently in custody pursuant to a state judgement against which he seeks relief but may be subject to such custody in the future," then "the officer having present custody of the applicant as well as the attorney general of the state in which the

1  judgment which he seeks to attack shall each be named as respondents." Rule 2 (b),
2  28 U.S.C. foll. § 2254.  Here, there is no basis for Petitioner to have named the Attorney General
3  as a respondent in this action.
4         In order for this Court to entertain the Petition filed in this action, Petitioner must name
5  the warden in charge of the state correctional facility in which Petitioner is presently confined
6  or the Director of the California Department of Corrections.  Brittingham v. United States, 982
7  F.2d 378, 379 (9th Cir. 1992) (per curiam).

### FAILURE TO STATE GROUNDS FOR RELIEF IN PETITION

9         In addition, Rule 2(c) of the Rules Governing Section 2254 Cases states that the petition
10  "shall set forth in summary form the facts supporting each of the grounds . . . specified [in the
11  petition]." Rule 2(c), 28 U.S.C. foll. § 2254. *See also Boehme v. Maxwell*, 423 F.2d 1056, 1058
12  (9th Cir. 1970) (trial court's dismissal of federal habeas proceeding affirmed where petitioner
13  made conclusory allegations instead of factual allegations showing that he was entitled to relief).
14  Here, Petitioner has violated Rule 2(c).  Although Petitioner does not fail to state generalized
15  constitutional grounds for relief, he does fails to provide specific factual allegations in support
16  of such grounds.
17         While courts should liberally interpret pro se pleadings with leniency and understanding,
18  this should not place on the reviewing court the entire onus of ferreting out grounds for relief.
19  *Zichko v. Idaho*, 247 F.3d 1015, 1020-21 (9th Cir. 2001).    The Court finds that the Petition
20  contains conclusory allegations without any specific facts in support of relief.  A federal court
21  may not entertain a petition that contains allegations which are conclusory.
22         This Court would have to engage in a tenuous analysis in order to attempt to identify and
23  make sense of the Petition.  In order to satisfy Rule 2(c), Petitioner must point to a "real
24  possibility of constitutional error." *Cf. Blackledge v. Allison*, 431 U.S. 63, 75 n.7 (1977)
25  (internal quotation marks omitted).  Facts must be stated, <u>in the petition</u>, with sufficient detail
26  to enable the Court to determine, from the face of the petition, whether further habeas corpus
27  review is warranted.  *Adams v. Armontrout*, 897 F.2d 332, 334 (8th Cir. 1990).  Moreover, the
28  allegations should be sufficiently specific to permit the respondent to assert appropriate

1  objections and defenses. *Harris v. Allen*, 739 F. Supp. 564, 565 (W.D. Okla. 1989). Here, the
2  lack of grounds for relief in the Petition prevents the Respondent from being able to assert
3  appropriate objections and defenses.

4  Due to Petitioner's unsatisfactory showing, the Court dismisses the action without
5  prejudice. Should Petitioner decide to file a new petition, he is advised to *clearly and succinctly*
6  state all grounds for relief using the Second Amended Petition form sent to Petitioner with this
7  order.

## CONCLUSION AND ORDER

9  Accordingly, the Court **GRANTS** Petitioner's request to proceed in forma pauperis, and
10 **DISMISSES** the Petition without prejudice due to Petitioner's failure to name a proper
11 respondent and state grounds for relief in the First Amended Petition. To have this case
12 reopened, Petitioner must file a Second Amended Petition **no later than April 6, 2010** which
13 remedies the pleading deficiencies noted in this Order. *The Clerk of Court is directed to send*
14 *Petitioner a blank Second Amended Petition form along with a copy of this Order.*

15 **IT IS SO ORDERED.**

16 DATED: February 4, 2010

17 *[signature]*
**WILLIAM Q. HAYES**
18 United States District Judge