

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| JAMES LYNN O'HINES,<br><br>                          Petitioner,<br><br>v.<br><br>WARDEN JEFF FREELAND, et al.,<br><br>                        Respondents. | | Civil No.   09-2626 WQH (AJB)<br><br>**ORDER:**<br><br>**(1) CONSTRUING DOCUMENT AS SECOND AMENDED PETITION; and**<br><br>**(2) DISMISSING CASE WITHOUT PREJUDICE AND WITH LEAVE TO AMEND** |

      On November 18, 2009, Petitioner, a state prisoner proceeding pro se submitted a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254. The matter was dismissed without prejudice and with leave to amend on December 1, 2009 because petitioner had failed to satisfy the filing fee requirement, it was unclear whether this Court was the proper venue and Petitioner had failed to name a proper respondent. (*See* Order dated Dec. 1, 2009 [doc. no. 2].) Petitioner was given until January 21, 2010 to either pay the $5.00 filing fee or submit adequate proof of his inability to pay the fee, and submit a First Amended Petition that cured the pleading deficiencies outlined in the dismissal order.

      On January 13, 2010, Petitioner filed a First Amended Petition and a motion to proceed in forma pauperis. (*See* Doc. No. 4.) Also on January 13, 2010, Petitioner filed a document entitled "Notice of Appeal," which the Court construed as an exhibit to the First Amended

Petition, and which cited various federal statutes. (*See* Doc. No. 8.) Although it is difficult to decipher, Petitioner appeared to complain about the conduct of various prison officials

On February 4, 2010, the Court granted the motion to proceed in forma pauperis but dismissed the case without prejudice and with leave to amend because Petitioner had failed to name a proper respondent and had failed to state a cognizable federal claim. (*See* Order dated Feb. 4, 2010 [doc. no 6].) Petitioner was given until April 6, 2010 to file a Second Amended Petition which cured the pleading deficiencies outlined in the Court's order. (*Id.*)

On March 17, 2010, Petitioner filed a document entitled "Attachment/Supplement to 2nd Amended Petition (Dejure) of Right." (*See* Doc. No. 10.) On April. 7, 2010, Petitioner filed a document entitled "Notice; Second Amended Filed on Date of 2-25-10," (*see* Doc. No. 13), which the Court **CONSTRUES** as Petitioner's Second Amended Petition.

## FAILURE TO NAME PROPER RESPONDENT

Review of the Second Amended Petition reveals that Petitioner has again failed to name a proper respondent. On federal habeas, a state prisoner must name the state officer having custody of him as the respondent. *Ortiz-Sandoval v. Gomez*, 81 F.3d 891, 894 (9th Cir. 1996) (citing Rule 2(a), 28 U.S.C. foll. § 2254). Federal courts lack personal jurisdiction when a habeas petition fails to name a proper respondent. *See id.*

The warden is the typical respondent. However, "the rules following section 2254 do not specify the warden." *Id.* "[T]he 'state officer having custody' may be 'either the warden of the institution in which the petitioner is incarcerated . . . or the chief officer in charge of state penal institutions.'" *Id.* (quoting Rule 2(a), 28 U.S.C. foll. § 2254 advisory committee's note). If "a petitioner is in custody due to the state action he is challenging, '[t]he named respondent shall be the state officer who has official custody of the petitioner (for example, the warden of the prison).'" *Id.* (quoting Rule 2, 28 U.S.C. foll. § 2254 advisory committee's note).

A long standing rule in the Ninth Circuit holds "that a petitioner may not seek [a writ of] habeas corpus against the State under . . . [whose] authority . . . the petitioner is in custody. The actual person who is [the] custodian [of the petitioner] must be the respondent." *Ashley v. Washington*, 394 F.2d 125, 126 (9th Cir. 1968). This requirement exists because a writ of

habeas corpus acts upon the custodian of the state prisoner, the person who will produce "the body" if directed to do so by the Court. "Both the warden of a California prison and the Director of Corrections for California have the power to produce the prisoner." *Ortiz-Sandoval*, 81 F.3d at 895.

Here, Petitioner has incorrectly named "Warden Jeff Freeland, The California Attorney General, and the Arizona State Attorney General" as Respondents. In order for this Court to entertain the Petition filed in this action, Petitioner must name the warden in charge of the state correctional facility in which Petitioner is presently confined or the Director of the Department of Corrections. *Brittingham v. United States*, 982 F.2d 378, 379 (9th Cir. 1992) (per curiam).

### FAILURE TO STATE A COGNIZABLE FEDERAL CLAIM

Additionally, in accordance with Rule 4 of the rules governing § 2254 cases, Petitioner has failed to allege that his state court conviction or sentence violates the Constitution of the United States.

Title 28, United States Code, § 2254(a), sets forth the following scope of review for federal habeas corpus claims:

> The Supreme Court, a Justice thereof, a circuit judge, or a district court shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in <u>violation of the Constitution or laws or treaties of the United States.</u>

28 U.S.C. § 2254(a) (emphasis added). *See Hernandez v. Ylst*, 930 F.2d 714, 719 (9th Cir. 1991); *Mannhalt v. Reed*, 847 F.2d 576, 579 (9th Cir. 1988); *Kealohapauole v. Shimoda*, 800 F.2d 1463, 1464-65 (9th Cir. 1986). Thus, to present a cognizable federal habeas corpus claim under § 2254, a state prisoner must allege both that he is in custody pursuant to a "judgment of a State court," <u>and</u> that he is in custody in "violation of the Constitution or laws or treaties of the United States." *See* 28 U.S.C. § 2254(a).

The Second Amended Petition is difficult to decipher, but Petitioner appears to complain about various acts committed by prison officials, various celebrities and state legislators, medical malpractice and parole violation procedures. In no way does Petitioner claim he is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254. While courts should liberally interpret pro se pleadings with leniency and understanding, this

should not place on the reviewing court the entire onus of ferreting out grounds for relief. *Zichko v. Idaho*, 247 F.3d 1015, 1020-21 (9th Cir. 2001). In order to satisfy Rule 2(c), Petitioner must point to a "real possibility of constitutional error." *Cf. Blackledge v. Allison*, 431 U.S. 63, 75 n.7 (1977) (internal quotation marks omitted). Facts must be stated, <u>in the petition</u>, with sufficient detail to enable the Court to determine, from the face of the petition, whether further habeas corpus review is warranted. *Adams v. Armontrout*, 897 F.2d 332, 334 (8th Cir. 1990). Moreover, the allegations should be sufficiently specific to permit the respondent to assert appropriate objections and defenses. *Harris v. Allen*, 739 F. Supp. 564, 565 (W.D. Okla. 1989). Here, the lack of grounds for relief in the Second Amended Petition prevents the Respondent from being able to assert appropriate objections and defenses.

### FAILURE TO ALLEGE EXHAUSTION OF STATE JUDICIAL REMEDIES

Further, habeas petitioners who wish to challenge either their state court conviction or the length of their confinement in state prison, must first exhaust state judicial remedies. 28 U.S.C. § 2254(b), (c); *Granberry v. Greer*, 481 U.S. 129, 133-34 (1987). Ordinarily, to satisfy the exhaustion requirement, a petitioner must "fairly present[] his federal claim to the highest state court with jurisdiction to consider it . . . or . . . demonstrate[] that no state remedy remains available. *Johnson v. Zenon*, 88 F.3d 828, 829 (9th Cir. 1996) (citing *Picard v. Connor*, 404 U.S. 270, 275 (1971); *Anderson v. Harless*, 459 U.S. 4, 6 (1982)). Moreover, to properly exhaust state court remedies a petitioner must allege, <u>in state court</u>, how one or more of his or her federal rights have been violated. For example, "[i]f a habeas petitioner wishes to claim that an evidentiary ruling at a state court trial denied him [or her] the <u>due process of law guaranteed by the Fourteenth Amendment</u>, he [or she] must say so, not only in federal court, but in state court." *See Duncan v. Henry*, 513 U.S. 364, 365-66 (1995)(emphasis added).

Nowhere on the Second Amended Petition does Petitioner allege that he raised his claims in the California Supreme Court. In fact, he specifically indicates he did not seek review in the California Supreme Court. (*See* Pet. at 5.) If Petitioner has raised his claims in the California Supreme Court he must so specify.

Further, the Court cautions Petitioner that under the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) a one-year period of limitation shall apply to a petition for a writ

of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of:

>   (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
>   (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
>   (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
>   (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C.A. § 2244(d)(1)(A)-(D).

The statute of limitations does not run while a properly filed <u>state</u> habeas corpus petition is pending. 28 U.S.C. § 2244(d)(2); *see Nino v. Galaza*, 183 F.3d 1003, 1006 (9th Cir. 1999). *But see Artuz v. Bennett*, 531 U.S. 4, 8 (2000) (holding that "an application is 'properly filed' when its delivery and acceptance [by the appropriate court officer for placement into the record] are in compliance with the applicable laws and rules governing filings."). However, absent some other basis for tolling, the statute of limitations does run while a <u>federal</u> habeas petition is pending. *Duncan v. Walker*, 533 U.S. 167, 181-82 (2001).

Rule 4 of the Rules Governing Section 2254 Cases provides for summary dismissal of a habeas petition "[i]f it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court . . ." Rule 4, 28 U.S.C. foll. § 2254. Here, it appears plain from the Second Amended Petition that Petitioner is not presently entitled to federal habeas relief because he has not alleged exhaustion of state court remedies.

## VENUE

Moreover, it is unclear whether this Court is the proper venue for Petitioner's action. A petition for writ of habeas corpus may be filed in the United States District Court of either the judicial district in which the petitioner is presently confined or the judicial district in which he was convicted and sentenced. *See* 28 U.S.C. § 2241(d); *Braden v. 30th Judicial Circuit Court*,

410 U.S. 484, 497 (1973). Petitioner is presently confined in Arizona State Prison in Florence, Arizona. Petitioner does not say where the state court conviction he seeks to challenge occurred. Should Petitioner file a Third Amended Petition, he is directed to inform the Court where the state court conviction he is challenging occurred.

### FAILURE TO USE PROPER FORM

Additionally, a petition for writ of habeas corpus must be submitted in accordance with the Local Rules of the United States District Court for the Southern District of California. *See* Rule 2(c), 28 U.S.C. foll. § 2254. In order to comply with the Local Rules, the petition must be submitted upon a court-approved form and in accordance with the instructions approved by the Court. Presently, Petitioner has submitted an application for writ of habeas corpus on a non-approved form.

### CONCLUSION AND ORDER

For all the foregoing reasons, the Court **DISMISSES** the Second Amended Petition without prejudice and with leave to amend. To have this case reopened, Petitioner must file a Third Amended Petition **no later than June 1, 2010** which cures the pleading deficiencies noted in this Order. *Petitioner is advised that if he does not cure the pleading deficiencies outlined in this Order in his Third Amended Petition, the Court will dismiss this case without further leave to amend.*

*The Clerk of Court is directed to send Petitioner a blank Third Amended Petition form along with a copy of this Order.*

IT IS SO ORDERED.

DATED: 4/9/10

William Q. Hayes
United States District Judge