# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES LYNN O'HINES,<br><br>                              Petitioner,<br>          v.<br>ONTIVEROS, et al.,<br><br>                              Respondents. | Civil No.   09-2626 WQH (AJB)<br><br>**ORDER DISMISSING THIRD AMENDED PETITION WITHOUT PREJUDICE** |

On November 18, 2009, Petitioner, a state prisoner proceeding pro se submitted a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254. The matter was dismissed without prejudice and with leave to amend on December 1, 2009 because petitioner had failed to satisfy the filing fee requirement, it was unclear whether this Court was the proper venue and Petitioner had failed to name a proper respondent. (*See* Order dated Dec. 1, 2009 [doc. no. 2].) Petitioner was given until January 21, 2010 to either pay the $5.00 filing fee or submit adequate proof of his inability to pay the fee and submit a First Amended Petition that cured the pleading deficiencies outlined in the dismissal order.

On January 13, 2010, Petitioner filed a First Amended Petition and a motion to proceed in forma pauperis. (*See* Doc. No. 4.) Also on January 13, 2010, Petitioner filed a document entitled "Notice of Appeal," which the Court construed as an exhibit to the First Amended Petition, and which cited various federal statutes. (*See* Doc. No. 8.) Although it is difficult to decipher, Petitioner appeared to complain about the conduct of various prison officials

On February 4, 2010, the Court granted the motion to proceed in forma pauperis but dismissed the case without prejudice and with leave to amend because Petitioner had failed to name a proper respondent and had failed to state a cognizable federal claim. (*See* Order dated Feb. 4, 2010 [doc. no 6].) Petitioner was given until April 6, 2010 to file a Second Amended Petition which cured the pleading deficiencies outlined in the Court's order. (*Id.*)

On March 17, 2010, Petitioner filed a document entitled "Attachment/Supplement to 2nd Amended Petition (Dejure) of Right." (*See* Doc. No. 10.) On April. 7, 2010, Petitioner filed a document entitled "Notice; Second Amended Filed on Date of 2-25-10," (*see* Doc. No. 13), which the Court construed as Petitioner's Second Amended Petition. On April 12, 2010, the Court dismissed the Second Amended Petition without prejudice and with leave to amend because Petitioner had failed to name a proper respondent, state a cognizable federal claim, allege exhaustion of state judicial remedies, state that venue is proper in this Court, and use a court approved form. (*See* Order dated Apr. 12, 2010 [doc. no. 14].) Petitioner was given until June 1, 2010 to file a Third Amended Petition which cured the pleading deficiencies noted in the Court's order. (*Id.*) On June 1, 2010, Petitioner filed a Third Amended Petition.

## **FAILURE TO NAME PROPER RESPONDENT**

Review of the Petition reveals that Petitioner has again failed to name a proper respondent. On federal habeas, a state prisoner must name the state officer having custody of him as the respondent. *Ortiz-Sandoval v. Gomez*, 81 F.3d 891, 894 (9th Cir. 1996) (citing Rule 2(a), 28 U.S.C. foll. § 2254). Federal courts lack personal jurisdiction when a habeas petition fails to name a proper respondent. *See id.*

The warden is the typical respondent. However, "the rules following section 2254 do not specify the warden." *Id.* "[T]he 'state officer having custody' may be 'either the warden of the institution in which the petitioner is incarcerated . . . or the chief officer in charge of state penal institutions.'" *Id.* (quoting Rule 2(a), 28 U.S.C. foll. § 2254 advisory committee's note). If "a petitioner is in custody due to the state action he is challenging, '[t]he named respondent shall be the state officer who has official custody of the petitioner (for example, the warden of the prison).'" *Id.* (quoting Rule 2, 28 U.S.C. foll. § 2254 advisory committee's note).

A long standing rule in the Ninth Circuit holds "that a petitioner may not seek [a writ of] habeas corpus against the State under . . . [whose] authority . . . the petitioner is in custody. The actual person who is [the] custodian [of the petitioner] must be the respondent." *Ashley v. Washington*, 394 F.2d 125, 126 (9th Cir. 1968). This requirement exists because a writ of habeas corpus acts upon the custodian of the state prisoner, the person who will produce "the body" if directed to do so by the Court. "Both the warden of a California prison and the Director of Corrections for California have the power to produce the prisoner." *Ortiz-Sandoval*, 81 F.3d at 895.

Here, Petitioner has incorrectly named "Ontiveros Ombudsman, Cottier Associate Warden" as Respondents. In order for this Court to entertain the Petition filed in this action, Petitioner must name the warden in charge of the state correctional facility in which Petitioner is presently confined or the Director of the Department of Corrections. *Brittingham v. United States*, 982 F.2d 378, 379 (9th Cir. 1992) (per curiam).

## **FAILURE TO STATE A COGNIZABLE FEDERAL CLAIM**

Additionally, in accordance with Rule 4 of the rules governing § 2254 cases, Petitioner has failed to allege that his state court conviction or sentence violates the Constitution of the United States.

Title 28, United States Code, § 2254(a), sets forth the following scope of review for federal habeas corpus claims:

> The Supreme Court, a Justice thereof, a circuit judge, or a district court shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in <u>violation of the Constitution or laws or treaties of the United States.</u>

28 U.S.C. § 2254(a) (emphasis added). *See Hernandez v. Ylst*, 930 F.2d 714, 719 (9th Cir. 1991); *Mannhalt v. Reed*, 847 F.2d 576, 579 (9th Cir. 1988); *Kealohapauole v. Shimoda*, 800 F.2d 1463, 1464-65 (9th Cir. 1986). Thus, to present a cognizable federal habeas corpus claim under § 2254, a state prisoner must allege both that he is in custody pursuant to a "judgment of a State court," <u>and</u> that he is in custody in "violation of the Constitution or laws or treaties of the United States." *See* 28 U.S.C. § 2254(a).

The Petition is difficult to decipher, but Petitioner appears to complain about the Anti Drug Abuse Act, medical malpractice, parole violation procedures, and extradition waiver issues. In no way does Petitioner claim he is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254. While courts should liberally interpret pro se pleadings with leniency and understanding, this should not place on the reviewing court the entire onus of ferreting out grounds for relief. *Zichko v. Idaho*, 247 F.3d 1015, 1020-21 (9th Cir. 2001). This Court would have to engage in a tenuous analysis in order to attempt to identify and make sense of the Petition. In order to satisfy Rule 2(c), Petitioner must point to a "real possibility of constitutional error." *Cf. Blackledge v. Allison*, 431 U.S. 63, 75 n.7 (1977) (internal quotation marks omitted). Facts must be stated, <u>in the petition</u>, with sufficient detail to enable the Court to determine, from the face of the petition, whether further habeas corpus review is warranted. *Adams v. Armontrout*, 897 F.2d 332, 334 (8th Cir. 1990). Moreover, the allegations should be sufficiently specific to permit the respondent to assert appropriate objections and defenses. *Harris v. Allen*, 739 F. Supp. 564, 565 (W.D. Okla. 1989). Here, the lack of grounds for relief in the Petition prevents the Respondents from being able to assert appropriate objections and defenses.

## **VENUE**

Moreover, it is again unclear whether this Court is the proper venue for Petitioner's action. A petition for writ of habeas corpus may be filed in the United States District Court of either the judicial district in which the petitioner is presently confined or the judicial district in which he was convicted and sentenced. *See* 28 U.S.C. § 2241(d); *Braden v. 30th Judicial Circuit Court*, 410 U.S. 484, 497 (1973). Petitioner is presently confined in Arizona State Prison in Florence, Arizona. Petitioner states that he is challenging a conviction that occurred in San Luis Obispo but also that he is challenging a sentence received at R. J. Donovan State Prison. (TAP at 1.) Therefore, it is unclear whether this Court has jurisdiction over the case.

//
//
//

## CONCLUSION AND ORDER

Petitioner was advised in the preceding dismissal Order that if he filed a Third Amended Petition which failed to cure the deficiencies in his petition, he would be given no further opportunities to amend the present case, but would have to begin again by filing a new federal habeas petition which will be given a new civil case number. Accordingly, and for all the foregoing reasons, the Court **DISMISSES** the case without prejudice and without leave to amend.

**IT IS SO ORDERED.**

DATED: June 30, 2010

_____
**WILLIAM Q. HAYES**
United States District Judge